COLETTI'S FURNITURE, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 76–1317.

United States Court of Appeals, First Circuit.

Argued Nov. 2, 1976.

Decided March 18, 1977.

Jay E. Shanklin, Atty., with whom John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., were on brief, for respondent.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and GIGNOUX,* District Judge.

PER CURIAM.

This was a close case for the Administrative Law Judge and the Board. There was enough conflict in the testimony and enough basis for differing credibility judgments for the decision to have gone either way. And we are somewhat concerned that, while the ALJ cited this circuit's decision in *NLRB v. Fibers Int'l Corp.*, 439 F.2d 1311, 1312 (1st Cir. 1971), in which we held that there had to be a finding of dominant motive, he found that the discharge was motivated "in substantial part" by union animus. Only because it is so clear from the decision as a whole that the ALJ in fact found that Loppi would not have been fired but for his union activities do we accept the Board's findings. *See Mt. Healthy City School District Bd. of Education v. Doyle*, —— U.S. ——, —— – ——, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). We regret that in a case as close as this the Board did not articulate the right rule.

We have long held this to be the rule. *See, e. g., NLRB v. Lowell Sun Pub. Co.*, 320 F.2d 835, 842 (1st Cir. 1963), and cases cited, and the Board has just as persistently failed to recognize it. *See, e. g., NLRB v. Gotham Indus., Inc.*, 406 F.2d 1306, 1309 (1st Cir. 1969). Now that the Supreme Court in *Doyle*, in the analogous first amendment area, has held that an improper consideration is not "substantial" if the discharge would have occurred in any event, marrying *Doyle* to our previous cases, there can be little reason for us to rescue the Board hereafter if it does not both articulate and apply our rule. Where there are

Orlando Rodio, Providence, R. I., with whom John R. Cosentino, Providence, R. I., was on brief, for petitioner.

* Of the District of Maine, sitting by designation.

both proper and allegedly improper grounds for discharge, its burden is to find affirmatively that the discharge would not have occurred but for the improper reason.

■ In this case our decision, given our limited review, must be for the Board. The testimony provides sufficient support for the ALJ's and Board's conclusion that the threat to discharge and the discharge concerned protected activities, and we see no error sufficient to overcome the deference which we must give to the Board's findings where, as here, there is clearly substantial evidence to support them. *Cf. Goldstein v. Middendorf,* 535 F.2d 1339, 1344–45 (1st Cir. 1975). This ruling, however, should not be taken as a signal that "a union organizer can do as he pleases". *Cf. NLRB v. Billen Shoe Co.,* 397 F.2d 801, 803 (1st Cir. 1968). The present case seems to us to have arisen out of an employee's walking close to the line. The employer's response, confined to this difficult situation, does not in our view amount to a course of conduct sufficient to support a broad order.

*Paragraph 2 of the order of the Board will be enforced.*