**Donna MACK, Plaintiff, Appellant,**

v.

**CAPE ELIZABETH SCHOOL BOARD et al., Defendants, Appellees.**

**No. 76–1503.**

United States Court of Appeals, First Circuit.

Argued March 4, 1977.

Decided April 25, 1977.

---

Perry H. Clark, Westbrook, Maine, with whom Ray R. Pallas, Westbrook, Maine, was on brief, for plaintiff, appellant.

Merton G. Henry, Portland, Maine, with whom Nicholas S. Nadzo, Washington, D. C., and Jensen Baird Gardner Donovan & Henry, Portland, Maine, were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

Plaintiff Donna Mack, a probationary school teacher in her third year at the Cape Elizabeth, Maine, schools, applied in the middle of the year for maternity leave, and indicated that she wished to stay out during the year succeeding. The school superintendent responded with a letter of acquiescence, adding that she should notify him before February 1 of the next year, "if you wish to return to teaching." When, in January of the following year, plaintiff gave such notification, defendant members of the school board voted not to renew her contract. Plaintiff brought suit in two counts, alleging that the school board's refusal to supply a statement of reasons, and a hearing, deprived her of procedural due process, and that the decision not to renew was based on her pregnancy or other sex discrimination of some sort in violation of Title VII, 42 U.S.C. § 2000e *et seq.* Defendants filed, essentially, a general denial and a motion for summary judgment accompanied by affidavits. After a hearing, the

district court granted summary judgment as to both counts.

■ We affirm that grant of summary judgment against plaintiff's procedural due process claim. On no permissible interpretation of the contractual situation, the surrounding circumstances, or the Maine statutes, can we find that plaintiff had any "legitimate claim of entitlement" to renewal of her contract within the meaning of *Board of Regents v. Roth,* 1972, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 and *Perry v. Sindermann,* 1972, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. Plaintiff does not seriously dispute that under Maine law, as a nontenured teacher, she had no right to continued employment, but could be rehired only upon nomination by the superintendent and approval by the school board. However, plaintiff asserts that the statement in the superintendent's letter that she should give notice within a certain time if she wished to return to teaching, created an enforceable expectation of continued employment. In light of the propensity of many persons to over-construe statements in their favor, it might have been better for the superintendent to have reminded plaintiff that there was no assurance that her wish would be granted, but we cannot read his statement as making any promise, or waiving the ordinary procedures for reappointment of probationary teachers, a matter which the superintendent would lack authority to do. The maternity leave put plaintiff in the same position concerning her hope for renewal for the 1975–76 year as she would have been in concerning the 1974–75 year had she not taken leave—a nontenured teacher with no property right in continued employment.

We cannot agree, however, with the district court's grant of summary judgment against plaintiff's Title VII claim. The summary judgment rule, F.R.Civ.P. 56, can be a valuable tool for saving judicial time. However, by use in inappropriate situations, or misuse, it can also waste time. In view of the possible terminal result, it is essential that i's be dotted and t's crossed. This case fell short.

■ A party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of fact on every relevant issue raised by the pleadings. This is so even though, as a defendant, he would have no burden if the case were to go to trial. *Adickes v. S. H. Kress & Co.,* 1970, 398 U.S. 144, 159–61, 90 S.Ct. 1598, 26 L.Ed.2d 142; *Ramsay v. Cooper,* 1 Cir., 1977, 553 F.2d 237, n. 8. While a case seeking restoration of municipal employment may well be one calling for expeditious procedure on the plaintiff's part, *cf. Zavala Santiago v. Gonzalez Rivera,* 1 Cir., 1977, 553 F.2d 710, so far as summary judgment is concerned defendants could not, by filing incomplete affidavits, impose a burden on plaintiff. The court's observation that there was nothing indicating that plaintiff's non-renewal was the result of Tile VII discrimination was beside the mark.

■ Defendants' affidavits adequately demonstrated that financial strictures required the cutting down of the teaching staff. However, this was not the real issue. The issue was why plaintiff in particular was selected out, a matter to which the affidavits failed to address themselves. It may be that the court was mislead by plaintiff's seeming inability, at the hearing, to express her charges of discrimination in particularized terms, and was led to believe that she would not ultimately recover, but even an andabata holds the field until someone comes forward to defeat him.

The judgment for defendants on Count One is vacated and the cause remanded. At the same time, we remind the parties that the ultimate burden will be on the plaintiff to show, if she is to recover, not merely that impermissible factors entered into the decision not to renew her contract, but that they were determinative; viz., that but for them she would have been re-employed. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* —— U.S. ——, ——, 97 S.Ct. 568, 573–575, 50 L.Ed.2d 471 (1977); *Coletti's Furniture, Inc. v. NLRB,* 1 Cir., 1977, 550 F.2d 1292. As to whether this type of case

lends itself to a motion for summary judgment, we express no comment.