**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Respondent.**

**No. 79–1439.**

United States Court of Appeals, Sixth Circuit.

March 2, 1981.

Elliott Moore, Howard E. Perlstein, Barbara A. Atkin, Deputy Associate Gen. Coun-

sel, N.L.R.B., Washington, D. C., Raymond A. Jacobson, Director, Region 26, N.L.R.B., Memphis, Tenn., for petitioner.

J. Edward Wise, David P. Jaqua, Armstrong, Allen Braden, Goodman, McBride & Prewitt, Memphis, Tenn., for respondent.

Before MERRITT and KENNEDY, Circuit Judges, ANNA DIGGS TAYLOR, District Judge.*

## ORDER

The National Labor Relations Board petitions for enforcement of an order issued by the Board on June 4, 1979, finding that the defendant violated Sections 8(a)(3) and (1) of the National Labor Relations Act, 29 U.S.C. § 158, by discriminatorily refusing to hire John Mitchell because he had engaged in protected union activity, and by informing O. D. Lofton, a job applicant later hired, that it would not hire John Mitchell because of Mitchell's protected union activities. The Board's decision is reported at 242 NLRB No. 119. After a full hearing on these matters, the administrative law judge filed an opinion containing his findings of fact and conclusions of law. The Board adopted his findings and conclusions.

The ALJ found that while acting as president of the local, Mr. Mitchell engaged in a heated conversation with Bob Kirksey, manager of defendant's Memphis terminal, during which he threatened to break both of Kirksey's arms and legs. The ALJ further found that although Mitchell's threat was made in the context of a labor relations discussion it was not protected under the Act, that these threats were, in fact, a matter of genuine concern to Kirksey and that Kirksey's reliance on Mitchell's threats were well-founded and legitimate reasons for not hiring him. In his opinion, the ALJ commented that "Mitchell's conduct and statements [were] so flagrant, opprobrious and egregious at [sic] to have exceeded the bounds of the protection afforded by the Act. Indeed, a punch in the nose pales in

comparison to Mitchell's admitted statements to Kirksey." Finally, the ALJ found that neither the company in general, nor Kirksey in particular, entertained a general union animus, and had hired former union officials. Despite these findings which were supported by substantial evidence on the record, the ALJ concluded that there was at least a mixed motive for not hiring Mitchell based upon his view of certain statements attributed to Kirksey concerning Mitchell's past handling of a particular labor dispute.

The proper test in determining whether the discharge or failure to hire an employee is an unfair labor practice is whether the anti-union animus was a dominant motive. Thus when both a "good and bad" reason for discharge or failing to hire exist, the burden is upon the General Counsel to establish that in the absence of protected activities, the discharge would not have taken place. *Coletti's Furniture, Inc. v. N.L.R.B.*, 550 F.2d 1292, 1294 (1st Cir. 1977). In *Wright Line*, 251 NLRB No. 150, 105 LRRM 1169 (1980), the Board, using an analysis akin to that used by the Supreme Court in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), set forth a test of causation for cases alleging violations of Section 8(a)(3) of the Act. Initially, the General Counsel must make a prima facie showing that an illegal purpose was a "motivating factor" in the employer's decision. Once the General Counsel has established a prima facie case, the employer then has the burden of demonstrating that the same action would have taken place even in the absence of the illegal reason.

In the instant case the ALJ found that Kirksey's reliance on Mitchell's threats were well-founded and legitimate reasons for not hiring him. There was no evidence that Mitchell's threats were merely a pretext used as an excuse for not hiring him because of his union activity. *N.L.R.B. v. Howell Automatic Machine Company*, 454

---

* Honorable Anna Diggs Taylor, District Judge, United States District Court, Eastern District of Michigan, sitting by designation.

F.2d 1077 (6th Cir. 1972). The ALJ's conclusion that defendant violated 8(a)(3) and (1) of the Act cannot withstand scrutiny under *Coletti* and *Wright Line.*

Furthermore, there was no evidence that Kirksey's explanation to O. D. Lofton, a former union officer hired by defendant as a driver, as to why he would not hire Mitchell tended to interfere with Lofton's free exercise of his employee rights under the Act.

For the reasons outlined above, enforcement of the order of the National Labor Relations Board in this case is denied.