**Helen OLAFSON, Plaintiff-Appellant,**

v.

**The DADE COUNTY SCHOOL BOARD, et al., Defendants-Appellees.**

No. 79-2654.

United States Court of Appeals, Fifth Circuit. Unit B

July 24, 1981.

Tobias Simon, Miami, Fla., for plaintiff-appellant.

Frank A. Howard, Jr., Miami, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, MORGAN and HENDERSON, Circuit Judges.

HENDERSON, Circuit Judge:

The single question posed in this appeal is the scope of an employer's burden of proof in a Title VII employment discrimination case. After oral argument, the Supreme Court handed down its unanimous opinion in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), which, as expected, resolved the issue.

Early in 1973 an assistant principal at Mays Junior High School in Dade County, Florida, took a leave of absence for the remainder of the school year. The appellant, Mrs. Helen Olafson, a guidance counselor at Mays, applied for the interim posi-

tion that then became available.[1] In response to an advertisement of the vacancy, sixteen others, all but one of them men, made application for the appointment. On February 1, 1973, a screening committee designated to choose candidates for personal interviews made its selections. Mrs. Olafson was included in this group. All ten applicants possessed the minimum paper credentials for the assistant principal's post (e. g. graduate degree, teaching certificate).

Prior to the interviews, the six committee members agreed to concentrate their questions on attendance and discipline problems at Mays. The opinions of all the interviewees were solicited with respect to their proposed solution of the poor attendance record. Mrs. Olafson, the only applicant employed at Mays, was also asked whether she had made her recommendations known to her principal. She answered that she had not had time to do so, but at the trial she testified that the real reason she kept quiet was that the principal did not appreciate suggestions from the faculty.

The rules of the Dade County School Board (hereinafter referred to as "the Board") require the committee to send the names of three candidates to the superintendent of schools, who then forwards a single name to the Board. Absent good cause, the Board must accept this recommendation. The overwhelming choice of the committee was Patrick Perkins, who was ultimately appointed interim assistant principal at Mays. Each committee member ranked his or her top three choices. Perkins received five first-place votes and one for third place. Three other candidates were ranked by at least one member, but the appellant did not receive any votes.

Mrs. Olafson filed a written complaint with the Equal Employment Opportunity Commission and eventually received a right-to-sue letter. She then filed an action in two counts against the Board and its individual members.[2] The district· court severed the count predicated on 42 U.S.C.A. § 1983 and proceeded to trial on the Title VII claim now before us. The § 1983 cause of action remained pending at the time of the filing of this appeal. Mrs. Olafson appeals from the judgment entered against her in compliance with the provisions of Rule 54(b) of the Federal Rules of Civil Procedure.

An employer may not "discriminate against any individual with respect to his compensation, terms, conditions, or privilege of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C.A. § 2000e–2(a)(1). The district court made a determination that Mrs. Olafson failed to prove that the Board had so discriminated, and accordingly entered a judgment in favor of the defendants.

The judgment was based on fifteen pages of findings of fact and conclusions of law. The trial judge carefully described the procedure employed by the Board in choosing the interim appointee, and listed the professional qualifications of Mrs. Olafson and Mr. Perkins. He also made findings, based on statistical evidence, on the proportion of women in administrative positions within the Dade County School System, and the relative success of women—as opposed to men—in securing such positions.

After an extensive analysis of the pertinent case law the district judge then concluded that Mrs. Olafson had made out a prima facie case of discrimination, citing *McDonnell-Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and that the plaintiff's success in establishing a prima facie case required the defendants to "respond with enough evidence to 'articulate some legitimate, nondiscriminatory reason . . .' for her [i. e. Mrs. Olafson's] rejection" (again citing *McDonnell-Douglas*).

1. The record in this case, consisting of the pleadings, exhibits and transcript of the testimony, is voluminous. This recitation of facts is taken from the district court's factual findings and Mrs. Olafson's brief. The appellant does not challenge the district court's findings of fact, Initial Brief of Appellant at 1 n.1, and we note that they are amply supported by the record and are not clearly erroneous.

2. Originally the appellant sought class action relief, but amended her complaint to delete the class-based allegations.

The district court stated that he would "not and should not pass upon the issue of who was the better qualified candidate . . . ." He did find that there was "no evidence that Plaintiff was treated or perceived any differently by the committee than any other candidate," and that the defendants had rebutted Mrs. Olafson's "prima facie case with a showing of non-discriminatory reasons for Plaintiff's non-selection." He further determined that the defendants' reasons were not pretextual, again pointing to the statistical evidence in some detail.

It is not at all certain that the district court's judgment is erroneous even under the rule adopted by this court in *Burdine v. Texas Department of Community Affairs*, 608 F.2d 563 (5th Cir. 1979), *reversed*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). It is clear though that the judgment will withstand scrutiny under the standard enunciated by the Supreme Court in *Texas Department of Community Affairs v. Burdine*.

Mrs. Olafson proved a prima facie case of gender-based discrimination. *See* 450 U.S. at 253 n.6 and 255–56, 101 S.Ct. at 1094 n.6 and 1095, 67 L.Ed.2d at 215 n.6 and 216. Her prima facie case—that is, her showing that she qualified for an available position but was passed over in favor of a male—

"create[d] a presumption that the employer unlawfully discriminated . . . ." 450 U.S. at 254, 101 S.Ct. at 1094, 67 L.Ed.2d at 216. At that point a burden of production—not persuasion—shifted to the defendants. Assuming the credibility of Mrs. Olafson's evidence, an adverse decision could be avoided only if the defendants could "clearly set forth, through the introduction of admissible evidence, the [permissible] reasons for the plaintiff's rejection." *Id.* They achieved this goal by presenting evidence that the committee members recommended Perkins not because he was a man, but because, in their considered opinions, he was the best person for the job.[3] It was then incumbent on the plaintiff, as it was throughout the trial, to prove she was "the victim of intentional discrimination." She could have done "this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing the employer's proffered explanation is unworthy of credence." 450 U.S. at 256, 101 S.Ct. at 1095, 67 L.Ed.2d at 217. Mrs. Olafson failed to convince the court. The district court concluded, as a matter of fact, that the committee members chose the person they thought would make the best assistant principal.[4] From our examination of the

---

**3.** Mrs. Olafson challenges only the district court's placement of the burden of proof, not its findings. She argues before us that "the court erred in holding that the . . . School Board sufficiently demonstrated a reasonable basis for promoting a male over a qualified female applicant." Brief at viii. Specifically, her point, repeatedly made, was that the trial judge did not perform his "duty" to determine who was the better candidate. *Id.* at 21–22, 23, 24, 28; letter brief of December 10, 1980, at 2. But in *Burdine* the Supreme Court made it abundantly clear that the courts are not the final arbiters of promotion decisions. The law forbids invidious distinctions, not mistakes.

> [T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria. The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination.

450 U.S. at 259, 101 S.Ct. at 1097, 67 L.Ed.2d at 219.

**4.** The appellant also urges that the court misinterpreted the statistical evidence by focusing on the number of female applicants instead of the number of eligible females, thereby ignoring the possibility that the defendants discouraged qualified women from applying for supervisory positions. We need not decide whether in a proper case this argument might have merit. *See generally Dothard v. Rawlinson*, 433 U.S. 321, 331, 97 S.Ct. 2720, 2727, 53 L.Ed.2d 786, 798 (1977); *Teamsters v. United States*, 431 U.S. 324, 366, 97 S.Ct. 1843, 1870, 52 L.Ed.2d 396, 434 (1977). This is not a class action, nor one in which the plaintiff claims that facially neutral employment policies had a discriminatory impact on women. Mrs. Olafson had the burden of demonstrating that she was unfairly denied this job. While statistical evidence might be relevant on the question of whether the defendant's proffered explanation was merely pretextual, we are satisfied that even if the trial court improperly analyzed the

record, we cannot say that this conclusion was wrong.

Accordingly, the judgment of the district court is

AFFIRMED.

statistics, its ultimate conclusion—that the committee recommended the candidate it thought most qualified—was not clearly erroneous. *See* F.R.Civ.P. 52(a); *see also* notes 1 and 3, *supra*.