REPUBLIC DIE AND TOOL
COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 80–1734.

United States Court of Appeals,
Sixth Circuit.

Argued March 2, 1982.
Decided June 15, 1982.

Earl R. Boonstra, Richard L. Hurford, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Paul Spielberg, N.L.R.B., Washington, D. C., for respondent.

Before BROWN, Circuit Judge, PECK, Senior Circuit Judge, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

JOHN W. PECK, Senior Circuit Judge.

Republic Tool and Die Company (the Company) has petitioned this Court to review and set aside a decision and order of the National Labor Relations Board. The Board has cross-applied for enforcement of the order based on the Board's conclusion that the Company had violated sections 8(a)(1) and (3) of the National Labor Relations Act by refusing to include employee Donald Calvin in a general wage increase and by warning, suspending and eventually discharging Calvin for various violations of Company rules. The Board determined that these actions were taken by the Company in retaliation for Calvin's previous exercise of his rights under the National Labor Relations Act by pursuing a grievance. As a result of that prior grievance Calvin had obtained reinstatement following his discharge by the Company.

In answer to the charges that it had acted against Calvin in retaliation for the exercise of his protected rights, the Company sought to show that Calvin had been discharged for numerous violations of Company rules. The Company presented evidence intended to show that Calvin had received seven written warnings during the six months preceding the discharge now under consideration. These warnings involved Calvin's leaving the plant without permission or punching out on his time card, his failure to complete or satisfactorily perform assignments, and his failure to wear safety goggles. The Company contended that these were an unprecedented number of written warnings in a short period of time, and that these incidents were the basis for the decision to discharge Calvin. Following a hearing, the Administrative Law Judge rejected the Company's asserted reasons for discharging Calvin, concluding that they were "pure pretext to mask an unlawful motivation, and that the inference can be fairly drawn that Calvin was discharged because of his protected activities."

In answer to the charge that the Company had refused to include Calvin in a general pay increase in retaliation for Calvin's prior grievance, the Company responded that Calvin had been routinely excluded from the increase during the pendency of the Company's appeal from Calvin's arbitration award in the prior grievance. The Company argued that this was standard procedure and did not reflect retaliation against Calvin. The ALJ did not discuss the Company's argument, but concluded that the Company denied Calvin the pay increase out of animus toward Calvin for the previous grievance. The ALJ therefore concluded that the refusal to include Calvin in the general increase violated sections 8(a)(1) and (3) of the Act.

The Board adopted the ALJ's recommended order, with modifications, and this petition followed. The Company argues that the Board ignored the appropriate test to be applied where there is evidence both that an employee was discharged for a proper cause and that he was discharged for the exercise of rights protected by the National Labor Relations Act. The Board's statement of that test is contained in *Wright Line, a Division of Wright Line, Inc.*, 251 N.L.R.B. 1083 (1980).

In *Wright Line* the Board promulgated a test to determine whether an employee discharge was an unfair labor practice when the discharge was motivated by both proper and improper considerations. Under that test, General Counsel carries a burden of making a "prima facie" showing that the employee's exercise of protected rights was a "motivating factor" in the decision to discharge the employee. Once General Counsel has carried that burden, then the employer has the burden to show, in the nature of an affirmative defense, 251 N.L.

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

R.B. at 1088 n. 11, that the discharge would have taken place even in the absence of the protected activity. This test was promulgated in recognition that "mixed motive" discharges involve competing legitimate interests of employers and employees. Distributing the burden of proof as outlined in *Wright Line* is a mechanical means of balancing the employee's rights under the Act and the employer's right to discharge an employee for proper cause. In numerous decisions since the promulgation of the *Wright Line* test, this Court has accepted the Board's burden shifting formula as proper. *See, e.g., Borel Restaurant Corp. v. N.L.R.B.* (6th Cir. 1982); *N.L.R.B. v. Lloyd A. Fry Roofing, Inc.,* 651 F.2d 442 (6th Cir. 1981); *N.L.R.B. v. Consolidated Freightways Corp.,* 651 F.2d 436 (6th Cir. 1981).

In the present case, the Company's primary contention is that the ALJ, and consequently the Board, failed to accomplish the balancing of legitimate interests that *Wright Line* and its progeny require. According to the Company, the Board ignored the Company's legitimate business reasons for discharging Calvin rather than weighing those reasons against Calvin's rights.

■■■ We have considered the Company's arguments that the Board erred in its application of the test and rationale of *Wright Line* and find those arguments to be without merit. The ALJ found that the Company failed to prove *any* legitimate reason for Calvin's discharge because the reasons advanced by the Company were all held to be "purely pretextual" to mask unlawful motivation. Thus, we are not here confronted with a question whether the Board failed to properly weigh competing legitimate interests, but rather are confronted with the sole question whether substantial evidence supports the finding that the Company proved no legitimate reasons for discharging Calvin. If that finding is proper, that is, if the Company failed its burden under *Wright Line* of rebutting the "prima facie" case made out by General Counsel,[1] then the Board's decision must be affirmed.

■■ We have examined the record and note that there is little dispute but that Calvin had violated Company rules on several occasions. However, we also note that there was evidence from which the Board could find that the rules were enforced against Calvin in a discriminatory manner. Furthermore, there was sufficient evidence of Company animus toward Calvin as a result of the prior grievance that the Board could infer that the discriminatory application of the rules was motivated by that animus. Consequently, none of the reasons offered by the Company for Calvin's discharge could be considered legitimate. In the face of this finding, supported by the evidence, this is not a "mixed motive" case where the balancing of interests of *Wright Line* applies. Because there was evidence from which the Board could find that the Company was motivated to discharge Calvin *solely* out of retaliation for the prior grievance, this is simply a case of an employer violating sections 8(a)(1) and (3) of the Act by retaliating against an employee for the exercise of grievance rights. Accordingly, the Company's arguments that the Board failed to apply the appropriate considerations of *Wright Line* are inapposite. Clearly, the Company has the right to require that Calvin comply with shop rules that apply to others in Calvin's position, the Act is not a shield for employee misconduct. *N.L.R.B. v. Bangor Plastics Inc.,* 392 F.2d 772, 777 (6th Cir. 1967). Just as clearly, the Company may not enforce rules against an employee solely because that employee has exercised rights guaranteed by the Act. *N.L.R.B. v. Big Three Industrial Gas & Equipment Co.,* 579 F.2d 304, 312 (5th Cir. 1978).

■■ We have also examined the record regarding the question of withholding from Calvin a general pay increase. The Compa-

---

1. We note the Company's argument that General Counsel failed to carry its burden of a prima facie showing that Calvin's prior grievance was a "motivating factor" in his discharge and find that argument without merit in the face of the evidence presented by General Counsel.

ny contends that it insisted on excluding Calvin solely because the Company was appealing Calvin's prior arbitration award, and that this comports with the Company's longstanding practice. However, there was evidence from which the Board could find that this practice had never before been applied to deny an employee inclusion in a general wage increase. That evidence plus the evidence of Company animus toward Calvin permitted the Board to infer that the Company denied Calvin the increase solely to retaliate for the prior grievance. Furthermore, the practice of denying wage benefits to an individual employee as a result of that employee's grievance proceeding may itself violate sections 8(a)(1) and (3). We therefore conclude that the Board did not err in deciding that the denial of the pay increase to Calvin was an unfair labor practice.

For the reasons stated above, we affirm the Board's order and grant the Board's application for enforcement.