In re Kenneth E. BESCH and Mary C. Besch, Debtors.

ST. CHARLES SAVINGS & LOAN ASSOCIATION, an Illinois Corporation, Plaintiff,

v.

Kenneth E. BESCH and Mary C. Besch, Defendants.

Bankruptcy No. 83 B 3708. Adv. No. 83 A 1661.

United States Bankruptcy Court, N.D. Illinois, E.D.

May 14, 1984.

Alvin L. Catella, St. Charles, Ill., for debtors.

Gerald M. Sheridan, Jr., Wheaton, Ill., for St. Charles Savings & Loan.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court on the motion of the defendants (the Beschs) for summary judgment on the plaintiff's (St. Charles) complaint. Having carefully considered all pleadings, memoranda, affidavits and documentation filed herein, the court grants summary judgment for the Beschs as to one issue, denies it as to another, and directs the movant to submit additional documentation as to the remainder of the matter of it wishes the court to consider summary judgment.

## FACTS

This matter involves two loans which St. Charles made to the Beschs. The first, for $72,000, was made on July 29, 1978. Then on September 29, 1978, the Beschs prepared and submitted to St. Charles a personal financial statement. The Beschs have also submitted documents which reflect prior business dealings with St. Charles. On June 15, 1979, St. Charles renewed a prior loan in the amount of $258,000. On March 21, 1983 the Beschs filed their petition for relief under Chapter 7 of the Bankruptcy Code.

Subsequently, St. Charles filed the instant complaint to except certain debts from discharge pursuant to section 523 (a)(2)(B) and objecting to discharge under section 727(a)(3) and (5). The first count alleges that St. Charles made the loans in reliance upon a financial statement which was materially false. Count II alleges that the Beschs concealed, destroyed or failed to keep satisfactory records and should, therefore, be denied a discharge. The Beschs have moved for summary judgment, arguing that, as a matter of law, St. Charles could not have relied upon a financial statement which was presented to St. Charles two months after the first loan was made. Moreover, the Beschs assert that St. Charles could not have relied upon the statement in making the second loan because the statement had been presented

eight months prior, and that there were prior dealings upon which the bank relied.

## ISSUES

In the present case, summary judgment for the Beschs will be granted to the extent that the following legal issues are decided in their favor.

1. Whether St. Charles could have loaned the Beschs money in reliance upon a financial statement submitted some two months after the loan was made; and

2. Whether St. Charles renewed a second loan in reasonable reliance upon the Besch's financial statement submitted some eight months prior to the loan when there is also evidence of prior dealings between the parties.

Because there are absolutely no facts relevant to Count II before the court, no legal issues may be formulated with respect to Count II.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Rules of Bankruptcy Procedure, provides in pertinent part:

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

■ The burden of showing that there is no genuine issue of material fact is on the party moving for summary judgment. *Mack v. Cape Elizabeth School Board,* 553 F.2d 720, 722 (1st Cir.1977).

■ Section 523(a)(2)(B) of the Bankruptcy Code excepts from discharge any debt:

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by

   (b) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive...

11 U.S.C. Section 523(a)(2)(B) (Supp.V. 1981). In order to except a debt from discharge, the creditor must prove each element set forth in that section. *See 3 Collier on Bankruptcy,* ¶ 523.09 (15th ed. 1981).

In their motion for summary judgment, the Beschs assert that the bank could not have relied upon the financial statements in making either loan. Thus, if this court finds that, as a matter of law, St. Charles did not rely on the financial statement which the Beschs submitted, summary judgment for the Beschs on Count I would be proper.

■ First, regarding the loan of July 29, 1978 in the amount of $72,000.00, the Beschs submitted the financial statement at issue on September 29, 1978. Therefore, it is impossible that St. Charles relied upon that financial statement in making the $72,-000 loan. With regard to the loan of July 29, 1978 this court grants summary judgment in favor of the Beschs.

■ The loan of June 8, 1979 was made approximately 8 months after the Beschs submitted the financial statement. The Beschs argue with respect to the second loan, that because nearly eight months elapsed between submission of the statement and the renewal of the loan, and because there are other documents which St. Charles could have relied upon St. Charles could not have relied upon that statement. Although the time lapsed between submission of the statement and making of the loan may be relevant to the question of reliance, see 3 Collier on Bankruptcy, ¶ 523.09 [2] (15th ed. 1981) and cases cited at n. 6 therein, the Seventh Circuit has determined that a seven month

lapse period does not necessarily preclude a finding of reliance. *Matter of Garman,* 643 F.2d 1252, 1259 (7th Cir.1980) *cert. denied,* 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981). Moreover, although the Beschs have submitted in support of their motion additional documents upon which the creditor may have relied, those documents cannot be taken to mean that St. Charles could not have relied upon the financial statement. Partial reliance upon a financial statement in the appropriate instance is sufficient support a finding that a given debt is excepted from discharge. *Rogers v. Gardner,* 226 F.2d 864, 867 (9th Cir.1955)(interpreting 11 U.S.C. Section 32(c)(3)); *In re Ardelean,* 28 B.R. 299, 301 (Bankr.N.D.Ill.1983).

The issue of reliance upon the financial statement in making the second loan is one of controverted fact which cannot be determined as a matter of law from the pleadings, memoranda and documents presently before the court. Therefore, the court denies the Beschs' motion for summary judgment with respect to the June 8, 1979 loan.

The second count of St. Charles' complaint objects to the Beschs' discharge on the grounds of concealing, destroying, mutilating, falsifying or failing to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transaction might be ascertained, and failing to satisfactorily explain any loss of assets or deficiency of assets to meet debtor's liabilities under sections 727(a)(3) and (5) of the Bankruptcy Code. In support of their motion for summary judgment, the Beschs submitted affidavits which merely tracked the language of the statute and denied the plaintiff's allegations. Under those circumstances, there is insufficient factual information before the court to enable to consider the defendant's motion as to Count II of the complaint. If, however, the parties wish to submit further information regarding Count II, the Court will then consider the Beschs' motion for summary judgment on that Count.

## CONCLUSION

For the reasons discussed above, the court grants summary judgment in favor of the Beschs as to the loan of July 29, 1978 and declines as a matter of law to find that loan excepted from discharge. The court denies the Beschs' motion as to the June 8, 1979 loan because further factual inquiries are necessary to determine whether St. Charles relied upon the Beschs' financial statement. Finally, the court is unable to consider the summary judgment motion with respect to Count II.

SO ORDERED.