**In re Daniel Gregory KELLY dba Cincinnati Bag Company SS# 296–18–4019, Debtor.**

**THOMAS W. LOWEY LEASING, Plaintiff,**

**v.**

**Daniel Gregory KELLY, Defendant.**

**Adv. No. 1–84–0190.**

**Related Case No. 1–84–01444.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 13, 1985.

A. David Nichols, Cincinnati, Ohio, for plaintiff.

Martin C. Butler, Cincinnati, Ohio, for defendant.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff initiated this adversary proceeding against defendant who is a debtor in this court. Plaintiff states it leased personal property consisting of plant equipment to the debtor. The debt owed it arose from that transaction. Plaintiff alleges that its debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B), because defendant obtained the lease on the plant equipment by furnishing plaintiff with a false financial statement, and also pursuant to 11 U.S.C. § 523(a)(6) in that the defendant willfully and maliciously injured the proper-

ty by failing to maintain it in good working order and allowing it to be removed from the premises by employees without plaintiff's consent.

Plaintiff has filed a motion for summary judgment asserting that there is no genuine issue of material fact that plaintiff's debt is nondischargeable pursuant to § 523(a)(2)(B). Plaintiff does not address the second cause of action for nondischargeability in the motion. Defendant filed a response memorandum.

The undisputed facts of the case in the record now before us show that the plaintiff leased equipment to the defendant pursuant to a lease agreement executed in August of 1982. The financial statement which is the subject of this litigation was executed by defendant February 26, 1982 and lists defendant's total assets as $316,400.00 and defendant's total liabilities as $63,000.00 leaving a net worth of $253,400.00. Included in the computation of assets is a $100,000.00 life insurance policy with a purported cash value of $30,000.00, plant equipment worth $24,000.00 and collectible silver worth $18,000.00. Defendant's signature appears immediately below a statement that the financial statement is a "true and correct statement of the undersigned's financial condition."

The defendant stated at the Rule 2004 examination that he never had a $100,000.00 life insurance policy with a $30,000.00 cash value but instead had a policy worth $10,000.00 with a cash value of about $2,400.00. He also stated that he did have plant equipment in the form of two tow motors, one of which was sold to the partnership for $7,500.00, while the other was sold for $2,000.00. Defendant also stated he did have collectible silver in the form of Indian jewelry which was later sold for $1,100.00.

Based on the facts in the financial statement, the defendant's testimony at the 2004 examination and an affidavit by a principal of the plaintiff, the plaintiff moves for summary judgment asserting that all of the elements of § 523(a)(2)(B) are met. That section reads:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt—

\* \* \* \* \* \*

(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—

\* \* \* \* \* \*

(B) use of a statement in writing—

(i) that is materially false

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

To prevail on its motion for summary judgment plaintiff must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure made applicable to adversary proceedings in the bankruptcy court by Bankruptcy Rule 7056. Rule 56 reads, in part:

(c) . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The moving party on a motion for summary judgment has the burden "of showing *conclusively* that there exists no genuine issue as to a material fact . . ." *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979).

Plaintiff must support his motion for summary judgment with evidence that shows conclusively that there is no genuine issue of material fact that the written statement is materially false, that it respected the defendant's financial condition, that the creditor relied on it, that the reliance was reasonable and that the statement was prepared by the debtor with the intent to defraud the creditor. If the creditor fails to show conclusively that no genu-

ine issue exists as to each necessary element in § 523(a)(2)(B) or if the defendant presents evidence that creates a genuine factual issue about any of these elements, plaintiff's motion must fail. See *Matter of Esposito*, 44 B.R. 817, 821 (Bankr.S.D.N.Y. 1984).

We find no need to address all of the evidence of the plaintiff on the other elements of § 523(a)(2)(B) because we hold that plaintiff has not shown conclusively that its reliance on the defendant's financial statement was reasonable and this alone is fatal to its motion.

On the element of reasonable reliance, the plaintiff's evidence is an affidavit of James Williams, a partner of the plaintiff. That affidavit states, in pertinent part:

> ... 3. Prior to entering the Lease, the Leasing Company required Dan Kelly [debtor] and the other individuals to prepare written statements of their financial condition. The purpose of the written statement was to determine the economic status of the Leases [sic].
> 4. The Leasing Company relied on the financial statement in making its decision to enter into the Lease. Because the financial statement of Dan Kelly indicated a positive balance of approximately $40,000.00, it was the Company's belief that his obligation was adequately secured.

■ Reasonable reliance is a necessary element to prevailing in a § 523(a)(2) action because, as stated in *In re Shepherd*, 13 B.R. 367, 372 (Bankr.S.D.Ohio 1981):

> A necessary element in cases involving false representations, false pretenses, and actual fraud, is reliance by the creditor, and this reliance must be reasonable reliance. [citations omitted] ... Plaintiff's own conduct put it in the position it now complains of. Plaintiff cannot conduct business without due care and then maintain that as a result of deception it extended credit.

Reasonable reliance on false financial statements would be reliance that comports with normal business practices in the industry. See, *Matter of Esposito*, 44 B.R. 817, 821 (Bankr.S.D.N.Y.1984).

■ In the present case the affidavit submitted by the plaintiff states only that plaintiff did rely on the financial statement. The affidavit does not even address the issue of the reasonableness of plaintiff's reliance. Plaintiff's contention that the language in the financial statement signed by the defendant that the financial statement is a "true and correct statement of the undersigned's financial condition" shows reasonable reliance does not fill the gap. This court has said:

> Such representations will be recognized as a standard provision in an agreement of this kind, but beyond that, we refuse to regard such statements in the contract as indicative of reliance on the statements.

*In re Hughes*, Nos. B–1–79–659, B–1–79–660, B–1–79–661, (Bankr.S.D.Ohio March 21, 1980).

Further, we perceive a genuine issue of material fact on the element of reliance itself. Defendant contends that plaintiff did not rely on the financial statements in leasing the equipment to the defendant. Plaintiff's evidence on reliance is the affidavit by James Williams that states that the partnership did rely on the statement before leasing the equipment. However, defendant controverts that fact by way of an affidavit of the defendant that states the equipment was delivered to him in mid-June, 1982 and by plaintiff's answer to an interrogatory that the financial statement was reviewed by "some of the partners [of the plaintiff] prior to August, 1982". From this evidence presented by the defendant, we could conclude that the financial statement was not reviewed by the plaintiff until after the equipment was delivered to defendant. There is thus a genuine issue as to the material fact of reliance. See, *In re Besch*, 42 B.R. 45 (Bankr.N.D.Ill.1984).

Because there are genuine issues of fact as to reliance, as well as the reasonableness of any reliance there may have been, plaintiff's motion must be denied.

SO ORDERED.