No. 87–999. McQuillen *v.* Wisconsin Education Association Council et al. C. A. 7th Cir. Certiorari denied. ■

Justice White, dissenting.

This case presents the question whether a plaintiff may prevail on a disparate treatment claim under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U. S. C. § 2000e *et seq.*, only by establishing that the employer's discriminatory intent was the "but for" cause of the adverse employment action.

The Court of Appeals for the Seventh Circuit held in this case that a Title VII plaintiff must prove that "the discriminatory motivation was a determining factor in the challenged employment decision in that the employee would have received the job absent the discriminatory motivation." 830 F. 2d 659, 664 (1987). The court found support for this "but for" standard of causation in the language of Title VII, which prohibits employers from discriminating against an employee or potential employee "*because of* such individual's race, color, religion, sex or national origin." § 2000e–2(a)(1) (emphasis added).

The Seventh Circuit expressly rejected the standard of causation adopted by the Eighth Circuit in *Bibbs* v. *Block*, 778 F. 2d 1318 (1985) (en banc). A plaintiff can establish Title VII liability under *Bibbs* merely by proving that "an unlawful motive played some part in the employment decision." *Id.*, at 1323. If the employer establishes that discriminatory intent was not the determinative factor in the employment decision, however, the plaintiff's recovery is limited to declaratory relief, an injunction against future or continued discrimination, and partial attorney's fees.

The Seventh Circuit's view that Title VII liability is established only when an unlawful motive was the "but for" cause of the challenged employment action is shared by three other Circuits. See *Haskins* v. *United States Dept. of Army*, 808 F. 2d 1192, 1198 (CA6), cert. denied, 484 U. S. 815 (1987); *Lewis* v. *University of Pittsburgh*, 725 F. 2d 910, 915–916 (CA3 1983), cert. denied, 469 U. S. 892 (1984); *Mack* v. *Cape Elizabeth School Bd.*, 553 F. 2d 720, 722 (CA1 1977). Two Circuits have indicated that the discriminatory motive must be a "significant" or "substantial" factor, but not necessarily the determinative factor, before liability may be imposed on an employer under Title VII. See *Fadhl* v. *City and County of San Francisco*, 741 F. 2d 1163, 1166 (CA9 1984); *Whiting* v. *Jackson State University*, 616 F. 2d 116, 121 (CA5 1980).

Accordingly, in view of the divergent positions taken by the Federal Courts of Appeals with regard to the standard of causation to be applied in determining Title VII liability, I would grant certiorari.