52 F.3d 324
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Robert BAWCUM, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 93-6474.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1995.
 
 Before: KEITH and DAUGHTREY, Circuit Judges; and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Robert Bawcum ("Bawcum") appeals the judgment and the denial of his motion for judgment notwithstanding the verdict or new trial by the United States District Court of the Western District of Tennessee finding no violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 et. seq., by Defendant-Appellant Federal Express Corporation ("Federal Express"). For the reasons stated below, we AFFIRM.
 
 I. Statement of Facts
 
 2
 Bawcum submitted applications for a pilot/crewmember position with Federal Express on October 16, 1989, and in December 1989 and February 1990. The Federal Express employee responsible for reviewing resumes, Dexter Tutor ("Tutor"), testified while Bawcum met all the minimum qualifications for a position as a Federal Express Pilot, his application was not considered due to inconsistencies on his resume. Most notably, the resume reflected Bawcum took seven months to obtain a flight engineer certificate, a certificate which is usually obtained within a six week period. Tutor testified as the sole reviewer he was responsible for thousands of resumes and did not have time to investigate every discrepancy.
 
 
 3
 Bawcum argued the discrepancies could have been cleared up easily if Tutor had called. Bawcum also offered substantial evidence that Federal Express was discriminating against applicants over 50 years of age, citing Federal Express's hiring record and a practice of noting ages on resumes.
 
 
 4
 Federal Express presented evidence Bawcum would not have received the job even had he been given the interview regardless of his age due to his medical condition and the comprehensive interviewing process each interviewer must undergo. In September 1991, Bawcum experienced shortness of breath and was informed after a physical examination he had "some heart blockage." Bawcum did not present additional evidence that he would have been hired notwithstanding the reasons offered by Federal Express.
 
 
 5
 The jury was given a special instruction sheet which stated the following:
 
 
 6
 1. Was age a motivating factor in the decision not to hire plaintiff Robert W. Bawcum?
 
 
 7
 2. If your answer to question 1 is yes, please answer this question. Would Federal Express have hired Mr. Bawcum if it had not considered age?
 
 
 8
 3. If your answers to both questions 1 and 2 are yes, please answer this question. Did Federal Express violate the [A]ge Discrimination in Employment Act willfully?
 
 
 9
 At the end of the two day trial, the jury answered the first question of the instruction "yes," and the second question of the instruction "no." There was no reason to reach the third question. Judge Julia Gibbons entered the judgment against Bawcum. Bawcum moved for judgment notwithstanding the verdict or a new trial which was denied.
 
 II. Discussion
 A. Standards of Review
 
 10
 This court reviews a district court's decision to deny a motion for judgment notwithstanding the verdict de novo. Chappell v. GTE Products Corp., 803 F.2d 261, 264 (6th Cir.1986). "The issue raised by a j.n.o.v. is whether there was sufficient evidence to raise a question of fact for the jury." Id. at 264 (citation omitted).
 
 
 11
 A jury verdict must be upheld if it is supported by evidence on the record, i.e. it is a verdict that could be reasonably reached. TCP Industries v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981). See also Littlejohn v. Rose, 768 F.2d 765 (6th Cir.1985).
 
 B. ADEA
 
 12
 The ADEA proscribes discrimination against an individual over age 40 with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623(a). See id. Sec. 631. To recover under the ADEA the plaintiff must prove that age was the determinative factor in the employer's decision. Chappell, 803 F.2d at 265.
 
 
 13
 The Sixth Circuit addressed the standards of proof required to successfully state a claim for age discrimination under the ADEA in Manzer v. Diamond Shamrock Chemicals Company, 29 F.3d 1078 (6th Cir.1994). A plaintiff may submit a case of age discrimination in employment if the plaintiff either presents direct evidence of discrimination or makes out a prima facie case of discrimination. A prima facie case is made by meeting the following four elements:
 
 
 14
 (1) plaintiff was a member of the protected class,
 
 
 15
 (2) plaintiff suffered an adverse employment action,
 
 
 16
 (3) plaintiff was qualified for the position either lost or not gained, and
 
 
 17
 (4) a person not of the protected class replaced, or was selected over the plaintiff.
 
 
 18
 Id. at 1081 (citing McDonald Douglas Corp. v. Green, 411 U.S. 792, at 802 (1973); Gagne v. Northwestern Nat'l. Ins. Co., 881 F.2d 309, 313 (6th Cir.1989)). The plaintiff's satisfaction of these four elements creates a presumption that the employer discriminated unlawfully against the employee. Id. (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981)).
 
 
 19
 The burden of production then shifts to the defendant who must "rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate nondiscriminatory reason." Id. at 1082 (quoting Burdine, 450 U.S. at 254 (1981)). If the employer provides a legitimate nondiscriminatory reason, the employee must then show that the offered reason was pretext. "Pretext may be shown 'either directly by persuading the [trier of fact] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' " Id. (quoting Burdine, 450 U.S. at 256 (1981)). The burden of persuasion remains with the plaintiff at all times. Id.
 
 
 20
 This court in Manzer further held "once the employer has come forward with a nondiscriminatory reason for firing the plaintiff, the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." Id. at 1083. To hold otherwise would be to allow the jury to improperly disregard the employer's evidence and effectively switch the burden of persuasion to the employer. Id.
 
 
 21
 C. The Evidence Was Sufficient To Raise a Question of Fact
 
 
 22
 for the Jury and To Support the Jury's Finding.
 
 
 23
 The evidence presented at trial supports the jury's finding that Federal Express would not have hired Bawcum even if he had been interviewed. While Bawcum established his prima facie case, Federal Express presented evidence suggesting Bawcum would not have passed the medical evaluation section of the interview process.
 
 
 24
 Bawcum offered no evidence at trial to overcome Federal Express's non-discriminatory reason that he would not have been hired had he been given the interview. Bawcum's arguments on appeal, instead, revolve around Federal Express's decision not to give him an interview. Under Manzer the plaintiff must present additional evidence of discrimination to overcome the employer's legitimate nondiscriminatory reason. Id. Specifically, a plaintiff must "show by a preponderance of the evidence either (1) that the proffered reasons did not actually motivate his discharge, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." Id. at 1084.
 
 
 25
 Bawcum's evidence does not show Federal Express would have hired him or that the reasons they gave for not hiring him were illegitimate. The jury reasonably could have found Bawcum would not have been hired by Federal Express. For these same reasons, there was sufficient evidence to raise a question of fact for the jury to avoid a judgment notwithstanding the verdict. Thus, neither the judgment nor the denial of a motion for judgment notwithstanding the verdict or a new trial was error.
 
 III. Conclusion
 
 26
 For the reasons stated above, we AFFIRM the judgment and denial of judgment notwithstanding the verdict by the Honorable Julia Gibbons, United States District Judge for the Western District of Tennessee.
 
 
 27
 JOINER, District Judge, concurring in judgment.
 
 
 28
 I agree that the district court's judgment should be affirmed, but for reasons different than those stated by the majority.
 
 
 29
 In light of the jury's dual findings that age was a motivating factor in Federal Express' refusal to hire Bawcum, but that Federal Express would not have hired Bawcum if it had not considered his age, this case must be analyzed as a mixed motive case. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) (plurality opinion); Manzer v. Diamond Shamrock Chemicals Co., 29 F.3d 1078, 1081 (1994). When a plaintiff proves that his race, gender or age was a motivating factor in his employer's adverse action against him, the employer may avoid liability only by proving by a preponderance of the evidence that it would have made the same decision or taken the same action even if it had not been so motivated. Hopkins, 490 U.S. at 258; Cesaro v. Lakeville Community Sch. Dist., 953 F.2d 252, 254 (6th Cir.), cert. denied, 113 S.Ct. 195 (1992).
 
 
 30
 In this appeal, Bawcum challenges the sufficiency of the evidence in support of the jury's finding that Federal Express would not have hired him if it had not considered his age. I would hold that the record supports this finding. The viability of Federal Express' defense turned in large measure on Dexter Tutor's credibility, an assessment which is one properly left to the jury, and which we are not to make in reviewing a motion under Fed.R.Civ.P. 50. O'Brien v. Grand Rapids, 23 F.3d 990, 995 (6th Cir.1994). I would further conclude, as did the majority, that Bawcum has not demonstrated that the district court abused its discretion in denying his motion for a new trial.
 
 
 31
 For these reasons, I concur in the judgment of the court.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation