**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BILLEN SHOE CO., Inc., Respondent.**

**No. 7062.**

United States Court of Appeals First Circuit.

Heard May 6, 1968.

Decided July 2, 1968.

---

Laurence J. Hoffman, Washington, D. C., Atty., with whom Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Gary Green, Washington, D. C., Atty., were on brief, for petitioner.

Irving Isaacson, Lewiston, Me., for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a petition for enforcement of a Labor Board order. Respondent took no exception to part of the order. The balance we find totally unsupported. The trial examiner, affirmed without comment by the Board, 166 N.L.R.B. No. 19, reached his conclusions essentially by ignoring substantial evidence from General Counsel's own witnesses whose favorable testimony he uncritically accepted. On the basis of the testimony he did accept he drew inferences contradicted by the very witnesses whose testimony he depended upon.

■ Because posterity would not benefit from our detailed review of the facts in this case we are placing it in an appendix, which is not to be printed. Suffice for present purposes that the discharged employee's own testimony shows him to have been overbearing, insolent and insubordinate from the moment he was appointed a union organizer, and that the final incident of insubordination would have made the most patient employer risk an unfair labor practice charge. By the same token, the decision reveals, unfortunately, how great is this risk, no matter how undeserved.

We may say that our principal criticism, so far as this particular case is concerned, may be merited by the Board only on the basis of respondeat superior. If it regarded the examiner's report as accurate, the result may not have been unwarranted. If its counsel advised the Board as Board counsel have sought to advise us, the Board would equally have been misled. In this respect, however, we wish the Board to know what we expect of its counsel in this court. Naturally we want counsel to be an advocate. However, not unlike what is demanded of the United States Attorney, we expect a presentation that is full and fair to the court. Rather than doing this, counsel argued to the court that certain prior criticisms of the dischargee were "manifest fabrications," when the ignored testimony even of the Board's own

witnesses showed they were not. So, also, repetitious references to an incident in which the dischargee was told to "watch out," with no mention of the testimony of the Board's own witness, who had "impressed" the examiner as "quite truthful," that the dischargee had, on a number of occasions, given cause not merely for criticism, but for discharge. Both of these matters were vital to the case. It should not have to be the duty of this court to scrutinize the record to discover that the Board's brief is colored and one sided. It may be good advocacy to hope that the court will not discover this, and we will add, in fairness to present counsel, who impressed us favorably as an individual, that he may have felt obligated to do what he did because the trial examiner, who was affirmed by the Board, had done the same thing. However, particularly from government counsel, it is a standard that we will not accept.

Commenting briefly on further aspects of the case, the trial examiner's concern with whether there were posted notices against profanity, when the offense was not the use of profanity, but unprovoked swearing at his supervisor in an act of gross, public insubordination, shakes any confidence we might have in the expertise applied to this case, and his reliance upon the fact that the supervisor did not discharge the employee until he had checked with respondent's president, shows lack of application of analytical judgment. It also shows lack of impartiality, in that the examiner did not even mention the reason for the short delay. Finally, the fact that the foreman testified that he would have forgiven the swearing if the dischargee had not persisted in ignoring his instructions does not mean that the entire incident was not serious, or was not truly regarded as such.

 We have, on prior occasions, agreed with the Board that an employer who is unhappy about a union must, perforce, subject even his most legitimate conduct to scrutiny for improper motives. This does not mean, however, that a union organizer can do as he pleases and that the Board's findings are beyond reach because anti-union animus is all that is needed to support the inference of employer impropriety. See NLRB v. Almeida Bus Lines, Inc., 1 Cir., 1964, 333 F.2d 725, 727. When good cause for discharge is clearly established, it is especially important to remember that the burden of proof is on the Board. NLRB v. United Parcel Service, Inc., 1 Cir., 1963, 317 F.2d 912; NLRB v. Prince Macaroni Mfg. Co., 1 Cir., 1964, 329 F.2d 803. We have only too frequently had to remind the Board that a decision on the issue of motive is particularly one which requires consideration of all the evidence, and not bits and pieces which support a decision unfavorable to the employer. See, e. g., Raytheon Co. v. NLRB, 1 Cir., 1964, 326 F.2d 471.

 If we were to draw a further lesson from this case, and too many others like it that we have had, it is that it is all too easy to say that adequate cause for discipline was seized upon as pretextual in the case of union representatives. The fact is that adequate cause for discharge is of peculiarly legitimate concern in such instances; management cannot run its plant if union organizers can ride roughshod on the basis of their position. When good cause for criticism or discharge appears, the burden which is on the Board is not simply to discover some evidence of improper motive, but to find an affirmative and persuasive reason why the employer rejected the good cause and chose a bad one. The mere existence of anti-union animus is not enough. The fact that the employer may be pleased to effectuate the discharge does not mean that this was his primary motive. See NLRB v. Lowell Sun Publishing Co., 1 Cir., 1963, 320 F. 2d 835, 842.

The order of the Board will not be enforced except as to a separate matter as to which respondent took no exception.