THE CITY OF EAST ST. LOUIS, Petitioner and Cross-Respondent, v.
THE ILLINOIS STATE LABOR RELATIONS BOARD *et al.*, Respondents
(The People *ex rel.* The Illinois State Labor Relations Board, Cross-Peti-
tioner).

Fifth District    No. 5—89—0677

Opinion filed May 30, 1991.

Vickers, Moore & Wiest, of St. Louis, Missouri (Charles L. Wiest, Jr., of counsel), for petitioner City of East St. Louis.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois State Labor Relations Board.

Jack Carey, of Belleville, for respondent Fraternal Order of Police Lodge No. 126.

JUSTICE HARRISON delivered the opinion of the court:

The City of East St. Louis (the City), a municipal corporation, petitions this court under section 11(e) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e)) and Supreme Court Rule 335 (134 Ill. 2d R. 335) for administrative review of a decision of the Illinois State Labor Relations Board (Board) which found that the City had committed an unfair labor practice in violation of section 10(a) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1610(a)) when it refused to bargain with the Fraternal Order of Police (the Union) regarding the City's decision to create and staff seven "inspector" positions on its police force. The Board, in the name of the People of the State of Illinois, cross-petitions under sections 11(f) and (g) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, pars. 1611(f), (g)) for an order directing the City to comply with the Board's decision. The City has moved that this cross-petition be dismissed, and its motion has been taken with the case. For the reasons which follow, we affirm the Board's decision, deny the City's motion to dismiss the Board's cross-petition, and deny that cross-petition.

Section 11(e) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(e)), which governs our review of Board decisions, incorporates the provisions of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, pars. 3—101 et seq.). (County of Menard v. Illinois State Labor Relations Board (1988), 177 Ill. App. 3d 139, 142, 531 N.E.2d 1080, 1082.) Under section 3—110 of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—110), the findings and conclusions of an administrative agency on questions of fact

are held to be *prima facie* true and correct. Accordingly, our supreme court has recently held that such findings and conclusions by the Board cannot be reversed unless they are against the manifest weight of the evidence and it is clearly evident that the Board should have reached the opposite conclusion. See *City of Freeport v. Illinois State Labor Relations Board* (1990), 135 Ill. 2d 499, 507, 554 N.E.2d 155, 159.

The facts of this case, as found by the Board hearing officer and adopted by the Board, showed that prior to June of 1988, the City's police department included a chief of police and an assistant chief of police who were mayoral appointees. The department also included one captain, six lieutenants, 28 sergeants and 44 patrol officers. Unlike the chief and assistant chief, these personnel were subject to the jurisdiction of the City's Board of Fire and Police Commissioners (the Commission). All of the sergeants and patrol officers were also members of a historical bargaining unit represented by the Union, and their employment was subject to a collective bargaining agreement with the City.

In June of 1988, the City enacted an ordinance which created seven permanent new positions on the police force called "inspectors," who were placed above the rank of captain, but below the assistant chief and chief. Like the chief and assistant chief, the inspectors were not under the jurisdiction of the Commission. Instead, they were to be appointed by the mayor with the advice, consent, and approval of the City's aldermanic council. The enactment of this ordinance followed events which had taken place the previous month, when three inspectors had been appointed on a temporary basis.

In the same ordinance creating the inspector positions, the City eliminated from its table of organization six sergeant positions and one patrol officer position, all of which had previously been in the collective bargaining unit. Thereafter, the mayor appointed the six sergeants and one patrol officer whose positions had been eliminated to fill the seven new inspector positions. His appointments were approved by the City's aldermanic council in a resolution passed June 22, 1988.

As a result of the City's decision to create and staff the inspector positions, the Union filed a grievance. After the City denied the Union's request for arbitration, the Union filed an unfair labor practice charge against the City. As it had in its grievance, the Union charged that the City had violated the collective bargaining agreement by creating and staffing the seven inspector positions. For its remedy, the Union asked that the City be directed to follow the provisions of the

collective bargaining agreement and that it bargain with the Union "over the creation of the inspector position and appointment of officers thereto."

Following an investigation, the Board issued a complaint against the City pursuant to section 11(a) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(a)). A hearing on that complaint was held, after which the Board hearing officer issued a recommended decision. In that recommended decision, the hearing officer found that the City had committed an unfair labor practice in violation of section 10 of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1610(a)) when it refused to bargain collectively in good faith with the Union regarding the creation of the inspector positions and the procedure for filling them.

Exceptions to the hearing officer's decision were then filed by the City, and the Board reviewed the matter further. In a written decision issued on September 15, 1989, the Board affirmed the hearing officer's recommendation and ordered, *inter alia*, that the City "[r]escind the Inspector title and return the Inspectors to the rank they occupied immediately preceding their appointment," and that it "[b]argain with the Union over the creation of the Inspector title and the process to fill it." This petition for administrative review followed.

As grounds for its petition, the City argues that the decision of the Board should be reversed because the new inspectors constituted "supervisors" within the meaning of section 3(r) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1603(r)), and public employers generally have no obligation to bargain over the creation of *bona fide* supervisory positions or the removal of supervisory duties from a bargaining unit. This argument cannot be sustained under the circumstances present here.

■ The creation of supervisory positions and the removal of supervisory duties from a bargaining unit do involve matters of managerial policy, and section 4 of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1604) expressly provides:

> "Employers shall not be required to bargain over matters of inherent managerial policy, which shall include such areas of discretion or policy as the functions of the employer, standards of services, its overall budget, the organizational structure and selection of new employees, examination techniques and direction of employees."

This statute further provides, however, that employers are required to bargain collectively even with regard to policy matters where those policy matters directly affect "wages, hours and terms and conditions

of employment as well as the impact thereon" and a request to bargain has been made by employee representatives. Ill. Rev. Stat. 1987, ch. 48, par. 1604.

■ In the matter before us the record clearly established that when the City eliminated the positions of six sergeants and one patrol officer and appointed the individuals who had held those positions to the new positions of inspector, those individuals continued to perform all of the basic tasks for which they were previously responsible. The difference now was that they were no longer members of the bargaining unit. Thus, the effect of the City's unilateral decision to create and staff the inspector positions as it did was to eliminate approximately one tenth of the preexisting bargaining unit, thereby causing that bargaining unit to lose a substantial amount of work.

Under analogous provisions of the National Labor Relations Act (29 U.S.C. §151 *et seq.* (1982)), the National Labor Relations Board and the Federal courts have held that such a loss of work constitutes a change in the "terms and conditions of employment" over which the employer is obligated to bargain with the union. (*WXON-TV, Inc.* (1988), 289 NLRB 80; *Road Sprinkler Fitters Local Union No. 669 v. NLRB* (D.C. Cir. 1982), 676 F.2d 826, 831-32.) This is so even where the employees who are removed from the bargaining unit are placed in positions which contain new or additional supervisory responsibilities. (*WXON-TV, Inc.* (1988), 289 NLRB 80.) We find this to be persuasive authority. (*County of Menard v. Illinois State Labor Relations Board* (1988), 177 Ill. App. 3d 139, 143, 531 N.E.2d 1080, 1083.) Accordingly, we agree with the Board that the City had a duty to bargain with the Union regarding the creation and staffing of the inspector positions.

■ The City argues, in the alternative, that it cannot be deemed to have committed an unfair labor practice because the Union failed to make a proper request to bargain. This argument was properly rejected by the Board. There is no dispute that before there can be a wrongful refusal to bargain, there must have been a request to bargain by the union. However, a request to bargain need not invoke "any special formula or form of words." It is sufficient that the request to bargain be made by clear implication. (*Joy Silk Mills, Inc. v. NLRB* (D.C. Cir. 1950), 185 F.2d 732, 741, *cert. denied* (1951), 341 U.S. 914, 95 L. Ed. 1350, 71 S. Ct. 734.) That standard was satisfied here.

The City nevertheless contends that the Union's request cannot be regarded as proper because that request concerned a matter over which the City had no duty to bargain. As we have just held, how-

ever, this argument is untenable. The City did have a duty to bargain over its decision to create and staff the inspector positions. Accordingly, we believe that the Union met its burden of establishing that the City committed an unfair labor practice. The decision of the Board must therefore be affirmed.

■■ We turn then to the cross-petition filed by the Board in the name of the People of the State of Illinois seeking an order enforcing its decision. The City has moved to dismiss this cross-petition on the grounds that such enforcement petitions must be brought in the circuit court. The City's motion is denied. Under section 11(g) of the Public Labor Relations Act (Ill. Rev. Stat. 1989, ch. 48, par. 1611(g)), enforcement petitions must now be commenced in the appellate court for the district where the unfair labor practice was committed. This statute went into effect in August of 1989, the month before the Board issued the decision now before us for review. It is therefore controlling here.

Although we have statutory authority to consider the Board's petition, we cannot grant the relief it requests. Section 11(f) of the Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(f)) permits enforcement petitions to be brought "[w]henever it appears that any person has violated a final order of the Board." In this case, however, the Board has not alleged that its order has been violated by the City, and no evidence has been presented that such a violation has taken place. The enforcement petition is therefore denied as premature.

For the foregoing reasons, the decision of the Board is affirmed. The City's motion to dismiss the Board's cross-petition for enforcement is denied, and the cross-petition for enforcement is also denied.

Decision affirmed; motion to dismiss cross-petition for enforcement denied; cross-petition for enforcement denied.

WELCH and HOWERTON, JJ., concur.